# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GERALD NICHOLSON,<br>　　　　　　Appellant,<br><br>　　　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　　Agency. | DOCKET NUMBER<br>NY-0752-14-0182-I-1<br><br><br>DATE: February 3, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Thomas Tierney, Esquire, Norwalk, California, for the appellant.

Christina Anne Cotter, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On November 12, 2013, the agency proposed to indefinitely suspend the appellant from his Immigration Enforcement Agent position following his arrest and arraignment on criminal charges. Initial Appeal File (IAF), Tab 8 at 105-10. On the same day, the agency also proposed to remove the appellant for conduct unrelated to the criminal charge. *Id.* at 130-41. The agency sustained and imposed the indefinite suspension effective November 28, 2013. IAF, Tab 1 at 7-12, Tab 8 at 92-93. The suspension proposal and decision letters informed the appellant that the suspension would remain in effect until the later of the following occurred: (1) there was a disposition of the criminal charges pending against him; (2) there was sufficient evidence to return him to duty or support an administrative action against him; or (3) he entered a plea of guilty. IAF, Tab 1 at 8, Tab 8 at 105. They also notified him that, "if investigation and administrative determination so warrant, [his] removal from the Agency may be proposed while [he is] in an indefinite suspension status." IAF, Tab 1 at 8, Tab 8 at 105. On January 14, 2014, the appellant entered into a plea agreement with a stipulation of no jail time and pleaded guilty to criminal contempt in the second degree. IAF, Tab 17 at 41; *see* IAF, Tab 13 at 5. The appellant's sentencing date

was scheduled for March 18, 2014.  IAF, Tab 17 at 41.  On February 7, 2014, the agency rescinded the November 12, 2013 proposed removal letter and issued a second proposed removal letter, which contained the same charges as the previous removal letter and included a new specification related to the appellant's criminal conduct.  IAF, Tab 19 at 12-23.

¶3    On February 13, 2014, the appellant filed an appeal and requested a hearing. IAF, Tab 1 at 1-6.  He asserted that the agency had failed to end the indefinite suspension within a reasonable time after being notified of the resolution of the pending criminal charges through the plea agreement.  *Id.* at 4.  He later withdrew his request for a hearing.  IAF, Tab 13 at 4, 6.  Based on the written record, the administrative judge issued an initial decision affirming the continuation of the appellant's indefinite suspension after the execution of the plea agreement.  IAF, Tab 22, Initial Decision (ID) at 1-2, 16.

¶4    The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the appellant's petition for review.  PFR File, Tab 3.

¶5    In his petition for review, the appellant argues that the agency improperly placed him on an indefinite suspension with the intent "to punish him and cripple him financially" so that he would not be able to defend himself against the agency's pending removal action.  PFR File, Tab 1 at 7.  He further alleges that the agency had already made the decision to remove him based on conduct unrelated to the criminal charge because "[t]he investigation in the removal action was already complete at the time the Agency concurrently issued the proposal to indefinitely suspend the Appellant."  *Id.*  Consequently, he requests the Board to "overturn the indefinite suspension placed upon the Appellant in its entirety."  *Id.* at 8.

¶6    The appellant does not provide any evidence for his contention that the agency had an improper purpose for the indefinite suspension.  *See id.* at 7. Additionally, he fails to prove that the agency had already made the decision to

remove him based on grounds unrelated to the criminal charge at the time the agency proposed the indefinite suspension. *See id.* The mere fact that the agency proposed the appellant's removal based on conduct unrelated to the criminal charge, without further support, does not show that the agency had already decided to remove the appellant. *See Cruz v. Department of the Navy*, 934 F.2d 1240, 1243 (Fed. Cir. 1991) (en banc) (finding that mere proposals to remove are not appealable adverse actions in themselves and the Board has no jurisdiction over them). Furthermore, an employee against whom an action is proposed is entitled to certain procedures before an agency makes a decision, thereby providing a possibility that the agency may not sustain the proposed action. 5 U.S.C. § 7513(b); 5 C.F.R. § 752.404. The appellant also does not explain how the agency's rescission of the first proposed removal and issuance of the second proposal for removal "in which the underlying criminal charges constituted less than four percent of the listed specifications" proves that the imposition of the indefinite suspension was improper. PFR File, Tab 1 at 7; *see Lemal v. U.S. Postal Service*, 79 M.S.P.R. 241, ¶ 4 (1998) (it is well-settled that it is not unlawful or grounds for alleging error for an agency to refile the same charge against an employee included in a previous, rescinded adverse action).

¶7        Finally, the appellant cites to several Board cases to support his claim that the agency "has a history of abusing the indefinite suspension mechanism in order to financially devastate Appellants they intend to remove in the near future." PFR File, Tab 1 at 7-8 (citing *Camaj v. Department of Homeland Security*, 119 M.S.P.R. 95 (2012); *Hodge v. Department of Homeland Security*, 114 M.S.P.R. 636 (2010); *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318 (2010)). These cases do not compel a different outcome because they are factually distinguishable from the instant case. In *Camaj*, 119 M.S.P.R. 95, ¶¶ 12-13, the agency continued an indefinite suspension beyond the resolution of the employee's criminal charges in order to conduct an investigation into separate noncriminal matters. In *Hodge*, 114 M.S.P.R. 636,

¶¶ 2, 7, and *Gonzalez*, 114 M.S.P.R. 318, ¶¶ 7, 13, 23, 28, the agency initiated suspensions based on the existence of an open agency investigation into allegations of off-duty misconduct.  In contrast, the continuation of the appellant's suspension is entirely consistent with *Engdahl v. Department of the Navy*, 900 F.2d 1572, 1578 (Fed. Cir. 1990).  In *Engdahl*, our reviewing court held that an indefinite suspension may be continued after an employee's guilty pleas where the agency provides advanced notice of possible administrative action in the suspension proposal or decision notice and takes action within a reasonable time of the conclusion of the criminal proceedings.  *Id.*  The appellant failed to provide any reason to disturb the administrative judge's finding that the indefinite suspension continued for a reasonable time after the agency received a copy of the plea agreement.  *See* ID at 10-12.

¶8          To the extent that the appellant's conclusory statement that the indefinite suspension should be overturned "in its entirety" is a challenge to whether the action was properly initiated, we decline to address it further.  *See* PFR File, Tab 1 at 8.  The appellant raises this argument for the first time on review despite clearly stating below his intention to contest only the continuation of the indefinite suspension beyond the date he entered into a plea agreement, and not the imposition of the suspension itself.  IAF, Tab 13 at 4, Tab 16 at 1, Tab 18 at 4; *see* ID at 1 n.1, 9.  Moreover, the appellant has not shown that this argument is based on new and material evidence that was previously unavailable when the record closed despite his due diligence.  *See* 5 C.F.R. § 1201.115(d); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.